UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMRAING K.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. 2:18-cv-01110- TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Samraing K. has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the Commissioner's decision is affirmed.

## I.    ISSUES FOR REVEW

1. Did the ALJ give valid, supported reasons to discount an examining psychologist's opinion?

2. Did the ALJ err in failing to include additional mental-health limitations in plaintiff's residual functional capacity?

## II. PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and SSI in March 2015, alleging he became disabled as of February 1, 2009. Dkt. 8, Administrative Record (AR) 15. (Plaintiff later amended his alleged onset date to June 29, 2013. AR 334.) His application was denied at the initial and reconsideration levels of administrative review. AR 15.

After a hearing, an administrative law judge (ALJ) determined that plaintiff was not disabled. AR 17-24 (decision dated July 26, 2017); AR 77-114 (hearing transcript). She conducted the five step analysis and determined (at step five) there were jobs existing in significant numbers in the national economy that plaintiff could perform. AR 23-24. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* The Court considers only the reasons the ALJ identified. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be

REPORT AND RECOMMENDATION - 2

upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step four of that process, the claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the Commissioner has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

A. Medical Opinion Evidence: David Mashburn, Ph.D.

Plaintiff first contends that the ALJ erred in discounting the opinion of Dr. Mashburn, an examining psychologist.

Dr. Mashburn examined plaintiff in June 2014. AR 635. He conducted a clinical interview and a mental status examination and completed a form evaluation. He opined that plaintiff would be markedly limited in communicating effectively in a work setting, maintaining appropriate behavior in a work setting, and setting realistic goals and planning effectively, and that he would be severely limited in completing a normal workday and work week without interruption from his symptoms. AR 637. The ALJ gave "little weight" to the marked limitations Dr. Mashburn found. AR 22. In explaining her decision to discount Dr. Mashburn's opinion, the ALJ found that plaintiff's "lack of mental health medication also indicates that his symptoms are not so severe that they" prevent him from working. AR 22.

The ALJ gave at least one specific and legitimate reason for discounting Dr. Mashburn's opinion and substantial evidence supports that reason; the Court holds that under these circumstances, the ALJ did not err.

To reject the uncontradicted opinion of a treating or examining physician, an ALJ must provide "clear and convincing" reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When the treating or examining physician's opinion is contradicted, the ALJ may reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* A non-treating, non-examining source's opinion is generally entitled to less weight than a treating or examining opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

An "ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)) (internal quotation marks omitted); *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered physician's failure to prescribe and claimant's failure to request serious medical treatment for supposedly excruciating pain). "Good reasons" for failing to seek treatment can include a lack of insurance, *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008), an inability to afford treatment, *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995), or interference from the claimant's mental health impairments themselves, *Molina*, 674 F.3d at 1113-14. In some circumstances, concern about side effects can also provide a good reason for not seeking or obtaining more serious treatment. *Carmickle*, 533 F.3d at 1162.

The record supports the ALJ's finding regarding medication, because the record contains no evidence that plaintiff ever took medication to address depression. *See* AR 454-66 (counseling notes, April 2016 to January 2017).

Plaintiff asserts that this was not a valid reason because he testified that he was worried about the side effects of depression medication, which a friend had warned him not to take. AR 102. He also stated that although a doctor wanted to put him on medication, he declined because he was already feeling drowsy from other medications. AR 84.

Plaintiff's testimony about his concern for side effects does not constitute a "good reason[ ]" for not seeking further treatment for depression or—if medication was recommended—for failing to follow that recommendation. Plaintiff testified that his doctor recommended depression medication. AR 84. Unlike the claimant in *Carmickle*, plaintiff points to no evidence that his fear of side effects was substantiated, or that those side effects would be severe. *See* 533 F.3d at 1162 (rejecting ALJ's reasoning where treatment notes indicated that insurance did not cover the only medication that "provided significant relief without addiction potential or intolerable side effects").

Plaintiff's testimony was vague about his reasons for not taking medications. AR 84, 102. The ALJ could reasonably conclude that plaintiff's unwillingness to follow recommendations that he take medications was due to his personal preference and inconsistent with disabling levels of depression. *See Molina*, 674 F.3d at 1114; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ is responsible for determining credibility and resolving ambiguities and conflicts in medical evidence). Finally, there is no evidence here that plaintiff's reluctance to obtain treatment is itself related to mental-health impairments. *See Molina*, 674 F.3d at 1114.

1    Because the ALJ gave a specific, legitimate, and supported reason to discount Dr.
2    Mashburn's opinion, she did not err in doing so.
3    B.      RFC Assessment: John F. Robinson, Ph.D.
4        Plaintiff also contends that the ALJ failed to fully incorporate Dr. Robinson's opinion in
5    the RFC assessment.
6        Dr. Robinson, a state-agency reviewing psychologist, opined that plaintiff would be
7    moderately limited in responding appropriately to changes to the work setting and in setting
8    realistic goals or making plans independently. AR 156. He added as explanation that plaintiff
9    "will need additional time to adjust to changes in the work setting, but is capable of adapting.
10   Can perform goals set by others." AR 156.
11       The ALJ gave Dr. Robinson's opinion "great weight." AR 22. In the RFC, the ALJ
12   provided that plaintiff "can adapt to simple workplace changes as would be required for simple,
13   routine tasks." AR 19. Plaintiff contends that the ALJ erred in failing to account for Dr.
14   Robinson's opinion that plaintiff would need extra time adjusting to changes in the workplace.
15       An ALJ may translate moderate mental functional difficulties into concrete restrictions
16   where the ALJ credits the narrative opinion and the RFC is "consistent with restrictions
17   identified in the medical testimony." *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th
18   Cir. 2008) (holding that ALJ did not err in "translat[ing]" physician's findings that plaintiff had
19   "slow pace in thought and action" but could "follow three-step instructions" into a restriction to
20   "simple tasks.").
21       Here, the ALJ reasonably translated Dr. Robinson's opinion—that plaintiff would be
22   moderately limited in adapting to changes and "capable of adapting" given "additional time to
23   adjust to changes"—into the concrete restriction that plaintiff "can adapt to simple workplace
24   changes as would be required for simple, routine tasks." AR 19. The qualifiers of "simple"

changes and "simple, routine tasks" connote that plaintiff has a moderate limitation in his ability to adapt, as Dr. Robinson opined. *See Stubbs-Danielson*, 539 F.3d at 1174; *see also Onate-Ruezga v. Colvin*, No. 1:14-cv-00734-GSA, 2015 WL 5321811, at *8 (E.D. Cal. Sep. 11, 2015) ("As a threshold matter, an ALJ may incorporate a moderate adaptation impairment into an RFC by restricting a plaintiff to simple, routine work."). The Court finds no error in the ALJ's incorporation of Dr. Robinson's opinion.

## CONCLUSION

For the above reasons, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 20th day of September, 2019.

Theresa L. Fricke
United States Magistrate Judge